UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

QUANTUM COLOR GRAPHICS, LLC,

        Plaintiff,

        v.                                   Case No.: 2019-cv-00387-WED

BEST GRAPHICS, INC. d/b/a BEST
GRAPHICS GROUP,

        Defendant.

# JOINT RULE 26(f) REPORT

1. **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on April 30, 2019, and was attended by Attorneys Rodney L. Lewis, Claire E. Brennan, and David A. McClurg for Plaintiff and Attorney Matthew W. O'Neill for Defendant. The conference was conducted via telephone.

2. **Preliminary Matters.**

   a. **Case Summary.** The parties jointly submit the following case summary:

   Defendant sold Plaintiff a Refurbished Iberica JRK 105 Die Cutter with Stripping and Blanking ("Iberica Die Cutter") for $217,000. Plaintiff alleges the Iberica Die Cutter was never fully installed or operational, and states claims for breach of contract and breach of warranty. Defendant denies that the Iberica Die Cutter was not fully installed, claims Plaintiff's claims are barred by the terms of the parties' contract, and filed a counterclaim seeking the balance due under the contract.

   b. **Jurisdiction.** In its Second Amended Complaint, Plaintiff claims the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and its respective members are citizens of Illinois or Florida, Defendant is a citizen of Wisconsin, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

3. **Plan for Alternative Dispute Resolution (ADR)**

   a. **Prior Efforts.**  The parties engaged in direct settlement discussions prior to filing. There have been no further discussions since the filing.

   b. **Procedures for Mediation.**  The parties have discussed mediation, and while Defendant has expressed a willingness to engage in mediation, the Plaintiff, based on the history of the parties' relationship and negotiations up to this point, does not believe mediation would be fruitful at this time.

4. **Deadline for Initial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a), the parties will exchange their initial disclosures of information and documents by May 31, 2019.

5. **Plans for Discovery.**  The parties jointly propose to the court the following discovery plan:

   a. **Anticipated Subjects of Discovery.**  The parties anticipate that discovery will be needed on the following specific subjects:

      i. Plaintiff's claims and damages;
      ii. Defendant's affirmative defenses and counterclaim.

   b. **Electronically Stored Information.**  The parties anticipate that this litigation will require the disclosure of electronically stored information including, but not limited to electronic communications exchanged between the parties that are relevant to the subject matter of the pending litigation, and other email correspondence and text messages relating to the contract.

   c. **Anticipated Issues During Discovery.**  The parties do not anticipate any disputed issues in discovery.

   d. **Claims of Privilege.**  With respect to claims of privilege and/or protection of trial preparation materials that are asserted during discovery, the parties mutually agree that any materials or documents that are privileged or protected as trial-preparation materials and inadvertently disclosed or produced by one party to another, shall be handled and returned in accordance with Fed. R. Civ. P. 26(b)(5).  This agreement includes the handling of all privileged or protected materials or documents that are disclosed or produced electronically.

   e. **Interrogatories.**  There will be a maximum of twenty-five (25) interrogatories, including all discrete subparts, served by any party on another party.

f.  **Requests for Admission.**  There will be a maximum of twenty-five (25) requests for admission, including all discrete subparts, served by any party on another party.

g.  **Depositions.**  Defendant proposes a maximum of four (4) depositions taken by Plaintiff and four (4) by Defendant.  Each deposition will be limited to one, seven-hour day (unless otherwise agreed by the parties). Plaintiff proposes a maximum of eight (8) depositions for each party, under the same time limitations.  Expert witness depositions are in addition to these anticipated fact-witness depositions.

h.  **Expert Witnesses.**  If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, will be served by Plaintiffs by August 1, 2019 and by Defendants by October 1, 2019. Disclosures and reports of any rebuttal experts will be served by November 1, 2019.

i.  **Close of Discovery.**  The parties will complete all discovery by November 15, 2019.

6. **Anticipated Motions.**

a.  **Motions to Dismiss.**  The parties do not anticipate the filing of any motions to dismiss.

b.  **Motions to Amend**.  Plaintiff filed a Second Amended Complaint on May 3, 2019. The parties do not anticipate further amended pleadings.

c.  **Joinder of Parties.**  Any motion for leave to join additional parties will be filed by July 1, 2019.

d.  **Other Dispositive Motions.**  The parties anticipate that other dispositive motions (e.g. summary judgment) will be filed in this case.  All such motions will be filed by November 15, 2019.

e.  **Motions to Limit and/or Exclude Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be filed no later than December 15, 2019.

7. **Other Items.**

a. **Trial Date.** The parties anticipate being ready for trial beginning February 3, 2020. The parties anticipate that the trial will take approximately two (2) days. The trial is expected to be a bench trial.

b. **Jurisdiction of Magistrate Judge.** The parties have consented to trial by a Magistrate Judge.

Date: May 3, 2019

          POLSINELLI PC
          Attorneys for Plaintiff


          */s/ Rodney L. Lewis*
          Rodney L. Lewis
          Anthony J. Nasharr
          Claire E. Brennan
          150 N. Riverside Plaza, Suite 3000
          Chicago, IL 60606
          rodneylewis@polsinelli.com
          anasharr@polsinelli.com
          cbrennan@polsinelli.com
          312-819-1900


          FOX, O'NEILL & SHANNON, S.C.
          Attorneys for Defendant


          */s/ Matthew W. O'Neill*
          Matthew W. O'Neill
          State Bar No. 1019269
          622 North Water Street, Suite 500
          Milwaukee, WI 53202
          mwoneill@foslaw.com
          414-273-3939